IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TAYLOR BAGLEY,<br><br>      Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant. | 8:16CV30<br><br>**FINDINGS AND<br>RECOMMENDATION** |

  This matter is before the court on Defendant's motion to dismiss. (Filing No. 7). For the reasons set forth below, the motion should be granted.

BACKGROUND

  Plaintiff Taylor Bagley alleges a foreign object was left inside his body after a surgery conducted on March 5, 1997 at Barksdale Air Force Base in Louisiana. Around June of 2013, imaging studies revealed the object inside Plaintiff's body. It was surgically removed and identified as "consistent with a metallic tool" that was used during the 1997 surgery. Plaintiff's complaint asserts various theories of negligence against the United States for the 1997 surgical procedure. All of Plaintiff's claims arise under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671, et seq.

  Prior to filing his claim, Plaintiff's mother timely filed an administrative tort claim with the Department of the Air Force on February 14, 2014.[1] (Filing No. 1, ¶ 3 at CM/ECF p. 1). The Department neither allowed nor disallowed the tort claim within six months of filing and on January 21, 2016, Plaintiff filed his complaint in this court. (Filing No. 1, ¶ 4 at CM/ECF p. 1).

---

[1] Plaintiff was a minor at the time the administrative claim was filed, but he has now reached the age of majority and brings the lawsuit on his own behalf.

The government filed this motion to dismiss arguing that the plaintiff's claim is barred for lack of subject matter jurisdiction.

## ANALYSIS

The United States may be sued only to the extent that it has waived sovereign immunity. United States v. Sherwood, 312 U.S. 584, 586 (1941). If the United States has not waived its sovereign immunity, a plaintiff's claim must be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

In 1946, Congress enacted the FTCA which waives the United States' sovereign immunity for certain torts committed by federal employees while acting within the scope of their employment. 28 U.S.C. § 1346(b)(1). The FTCA imposes liability only to the extent that "a private person[] would be liable to the claimant in accordance with the law of the place where the act or omission occurred." § 1346(b)(1); see also 28 U.S.C. § 2674. "FTCA does not create liability, but merely waives sovereign immunity to the extent state-law would impose liability on a private individual in similar circumstances." Myers v. United States, 17 F.3d 890, 899 (6th Cir. 1994); see also Wetherill v. Geren, 616 F.3d 789, 793 (8th Cir. 2010).

While substantive state law establishes and defines a claim under the FTCA, the FTCA also includes a limitations period, requiring:

> [a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). An agency's failure "to make final disposition of a claim within six months after [the claim] is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675(a). When a claim "accrues" is a governed by federal law. Reilly v. United States, 513 F.2d 147 (8th Cir.

1975). The Eighth Circuit applies the "discovery rule" to medical malpractice cases under the FTCA. Osborn v. United States, 918 F.2d 724, 731 (8th Cir. 1990).

Defendant argues a state's statute of repose can serve to cut off or end a claim brought under the FTCA. The government asserts the statute of repose within Louisiana Revised Statute § 9:5628 is a state substantive provision that renders Plaintiff's FTCA claim nonexistent. Bagley counters that Louisiana Statute 9:5628 is not a statute of repose: It is a procedural statute of limitations that is preempted by the time limitations of 28 U.S.C. § 2401(b). Plaintiff further argues that even if this court were to hold § 9:5628 is a statute of repose, the FTCA preempts the application of such statutes.

As such, Defendant's motion to dismiss raises two questions: (1) Is Louisiana Revised Statute § 9:5628 a statute of limitations or a statute of repose; and (2) if it is a statute of repose, does FTCA preempt its application?

1. Is Louisiana Revised Statute § 9:5628 a Statute of Limitations or a Statute of Repose?

Statutes of repose are distinct from statutes of limitations. A statute of limitations is a procedural defense to a legal claim. "It provides a period of time from the date that a claim accrues during which a claimant must take some action to prosecute the claim." Adam Bain, Determining the Preemptive Effect of Federal Law on State Statutes of Repose, 43 U. Balt. L. Rev. 119, 125 (Spring 2014). A statute of repose creates defendant's substantive right to be free from liability. Id. "A statute of repose bars plaintiffs from bringing suits after a specified number of years after the occurrence of a particular event without regard to the date of accrual of the cause of action." Specialty Restaurants Corp. v. Bucher, 967 F.2d 1179, 1182 (8th Cir. 1992); see also Nesladek v. Ford Motor Co., 46 F3d 734, 737 (8th Cir. 1995) ("[A statute of repose] operates as a statutory bar independent of the actions (or inaction) of the litigants--often before those litigants can even be identified.").

3

Over half of the states have passed some statute of repose and many states include both statutes of limitations and statutes of repose in the same statutory section.[2] Bain, 43 U. Balt. L. Rev. at 128, 131–32. The "defining characteristic of [a statute of repose] is that its time period does not begin to run when the action accrues, but rather when the relevant action occurs." Moore v. Liberty Nat'l Life Ins. Co., 267 F.3d 1209, 1218 (11th Cir. 2001); see also CTS Corp. v. Waldburger, 134 S. Ct. 2175, 2182 (2014) (stating statutes of repose are measured "not from the date on which the claim accrues but instead from the date of the last culpable act or omission of the defendant."); Nesladek, 46 F3d at 737 n.3 (reasoning that a statute of repose "prevents the cause of action from accruing in the first place."). The Supreme Court has described statutes of repose as "an outer limit" and "equivalent to a cutoff." CTS Corp., 134 S. Ct. at 2182.

> Louisiana's Revised Statute § 9:5628 specifically provides:
>
> A. No action for damages for injury or death against any physician…[or] hospital…as defined in R.S. 40:1231.1(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, <u>in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect</u>.
>
> B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.

La. Rev. Stat. § 9:5628 (emphasis added).

The government argues Louisiana's statue is a hybrid statue containing a statute of repose embodied in a prescriptive statute of limitations. Plaintiff argues that because

---

[2] For further reference and for a clear example of a hybrid statute of limitations/statue of repose, see Bain, 43 U. Balt. L. Rev. at 131–32.

Louisiana courts describe the statute as "prescriptive" rather than "preemptive" it is solely a statute of limitations.[3]

In 2001, the Supreme Court of Louisiana described § 9:5628 as a "tripartite prescription provision." In re Medical Review Panel for the Claim of Maria Moses, 788 So.2d 1173, 1178 (La. 2001). In discussing the latter part of Louisiana's statute—the statutory language the government cites in moving to dismiss Plaintiff's claim—the court stated:

> Third, an overall limitation is placed on cases otherwise falling within the discovery rule. That overall limitation is the underscored portion of Section 5628, which provides that "in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission or neglect." La.Rev.Stat. 9:5628 (emphasis supplied). Translated, this means that "the *contra non valentem* type of exception to prescription embodied in the discovery rule is expressly made inapplicable after three years from the alleged injury causing act, omission or neglect." Boutte v. Jefferson Parish Hospital Service District No. 1, 99-2402 at p. 5 (La.4/11/00), 759 So.2d 45, 49. "Superimposed upon [the discovery rule], however, is an overall limitation upon the discovery rule's operation to a period of three years from the date of the alleged act, omission or neglect." Branch v. Willis-Knighton Medical Center, 92-3086 at p. 17 (La.4/28/94), 636 So.2d 211, 216.

Id. at 1179. The court went on to conclude:

> Summarizing, Section 5628 is a hybrid statute, providing both a one-year prescriptive period, including an incorporation of the discovery rule, and a three-year repose period; the latter repose rule acts to cut off the discovery rule incorporated into the former prescriptive period. This type of hybrid statute "not only limits the time following discovery during which the plaintiff must institute his action, but also sets an outer or overall limitation, one based on the length of the period following the negligent act, beyond which the action is barred, regardless of subsequent discovery."

---

[3] "Statute of Repose" is not a term used by the Louisiana courts. Instead, the courts use the terms "prescriptive" or "preemptive" when describing Louisiana's statutory time limitations. "Prescriptive" generally describes statutes of limitation: "Preemptive" describes statutes of repose.

Id. (emphasis added). Later decisions reexamining the statute have remained consistent with this precedent, holding § 9:5628 is a prescriptive statute "with the qualification that the *contra non valentem* type exception to prescription embodied in the discovery rule is expressly made inapplicable after three years from the act, omission, or neglect." Borel v. Young, 989 So. 2d 42, 69 (La. 2008).

Louisiana courts have consistently treated § 9:5628 as extinguishing a claim three after the alleged negligent act, regardless of when the claim was discovered. See Nichols v. Patwardhan, 120 So.3d 322 (La. Ct. App. 2013)(dismissing plaintiff's claim that was filed more than three years after the alleged medical malpractice under § 9:5628); Shaw v. Murtagh, 2009 CA 2239, 2011 WL 199118 (La. Ct. App. Jan 13, 2011)(holding § 9:5628 "created a three-year time limitation that is nominally prescriptive, but acts as a preemptive period" and dismissing the complaint which was filed more than three years after the alleged negligence); Randazzo v. State, 879 So 2d. 741 (La. Ct. Ap. 2004)(refusing to carve out a "foreign object exception" to the three-year limitation and holding § 9:5628 acts as a "three-year cutoff" to medical malpractice claims). The Louisiana Court of Appeals has noted, "[s]ince 1986, . . . courts have recognized that La.R.S. 9:5628's time limitation is prescriptive, and not preemptive[,] [h]owever, we have found no cases wherein a court has allowed a suit to be maintained when it was filed three years after the date of alleged malpractice[.]" Shaw, 2011 WL 199118, at *15 (emphasis added).

While Louisiana uses different terminology, as to that portion of § 9:5628 under dispute in this case, the statute includes a three-year statute of repose which prohibits claims filed three years after the alleged negligent act regardless of when the negligence was discovered. Following the precedent of the Louisiana courts, this court will apply the three-year provision of § 9:5628 as a statute of repose.

6

2. <u>Does FTCA Preempt the Application of Statutes of Repose?</u>

While the Eighth Circuit has not addressed whether a statute of repose is preempted by the FTCA, multiple circuits have held that an FTCA claim must be dismissed if a claim against a private party under like circumstances would be barred by the applicable state's statute of repose. See <u>Augutis v. United States, 732 F.3d 749 (7th Cir. 2013)</u> (holding the FTCA's statute of limitations does not preempt state statutes of repose and dismissing plaintiff's medical malpractice claim); <u>Huddleston v. United States, 485 F. App'x 744 (6th Cir. 2012)</u> (dismissing plaintiff's FTCA claim based on a state statute of repose); <u>Anderson v. United States, 669 F.3d 161 (4th Cir. 2011)</u> (holding "an FTCA claim does not lie against the United States where a statute of repose would bar the action if brought against a private person in state court."); <u>Smith v. United States, 430 F. App'x 246 (5th Cir. 2011)</u> (dismissing FTCA action based upon a substantive state statute of repose); <u>Simmons v. United States, 421 F.3d 1199, 1202 (11th Cir. 2005)</u> (affirming dismissal of an FTCA action filed after the time outlined by the substantive state statute of repose); <u>Brown v. United States, 514 F. Supp. 2d 146, 155, 157-58 (D. Mass. 2007)</u> (finding an FTCA claim barred by a statute of repose for actions involving improvements to real property), aff'd, <u>557 F.3d 1 (1st Cir. 2009)</u>.[4]

However, Plaintiff argues this court should follow the reasoning of district court decisions finding that the FTCA preempts the application of state statutes of repose. See <u>Blau v. United States, No. 8:12-cv-2669-T-26AEP, 2013 WL 704762 (M.D. Fla. Feb. 26, 2013)</u> (applying field preemption to find that state statutes of repose are preempted by the FTCA); <u>Mamea v. United States, No. 08-00563 LEK-RLP, 2011 WL 4371712, at 12-13 (D. Haw.</u>

---

[4] Numerous district court cases have similarly barred FTCA actions by applying state statutes of repose. See <u>West v. United States, No. 08-646-GPM, 2010 WL 4781146, at 4-5 (S.D. Ill. Oct. 25, 2010)</u> (finding that an FTCA action was barred by state statute of repose and dismissing plaintiff's medical malpractice claims); <u>Vega v. United States, 512 F. Supp. 2d 853, 860 (W.D. Tex. 2007)</u> (dismissing an FTCA claim based on applicable statute of repose); <u>Manion v. United States, No. CV-06-739-HU, 2006 WL 2990381, at 4, 9 (D. Or. Oct. 18, 2006)</u> (barring an FTCA claim by applying a statute of repose); <u>Simmons v. United States, 225 F.R.D. 688, 694, 696 (N.D. Ga. 2004)</u> (finding an FTCA action barred by a statute of repose for medical malpractice actions), aff'd, <u>421 F.3d 1199 (11th Cir. 2005)</u>.

7

Sept. 16, 2011) (applying the doctrine of field preemption to find that the FTCA preempted state statutes of repose); Abila v. United States, No. 2:09-CV-01345-KJD-LRL, 2011 WL 3444166, at 2-3 (D. Nev. Aug. 8, 2011) (relying on Circuit precedent, stating courts must "look to federal law for the limitations of time" and holding a statute of repose is a limitation on time that is preempted).[5] Bagley argues Congress intended to occupy the field of both statutes of limitation and statutes of repose by setting out a comprehensive scheme governing the time frame in which an FTCA claim must be filed.

Federal "field preemption" may serve to preempt state law. Kinley Corp. v. Iowa Utilities Bd., 999 F.2d 354, 358 n.3 (8th Cir. 1993). Field preemption occurs when Congress shows that it intended its laws to occupy an entire field of law, therefore removing it from state regulator authority. Id. Field preemption may either be express or implied.

The cases cited by Plaintiff hold that as to the time limitation for filing a claim, "Congress' decision to define the FTCA's statute of limitations in terms of accrual" clearly indicates its intention to occupy the field of both statutes of limitation and statutes of repose. Mamea, 2011 WL 4371712, at *10; Blau, 2011 WL 704762 at *3. This reasoning is flawed. The date of "accrual" is relevant when deciding whether a claim is time-barred by the statute of limitations: It is not relevant when deciding whether a claim has been extinguished by a statute of repose. Unlike a statute of limitations, a statute of repose defines the "cutoff" lifespan of a claim—the time period after which the claim no longer exists. The statutory language of a statute of repose prohibits any claim beyond a specified time after an alleged negligent act, without regard to when the claim accrued. See CTS Corp., 134 S. Ct. at 2182; Nesladek, 46 F3d at 737 n.3; Moore, 267 F.3d at 1218.

---

[5] Bagley also cites to Poindexter v. United States, 647 F. 2d 34 (9th Cir. 1981) and In re Franklin Savings Corp., 385 F.3d 1279 (10th Cir. 2004) for his position that the FTCA's statute of limitations preempts the application of state statutes of repose. However, both of these cases involved the application of state statutes other than statutes of repose and is therefore inapposite to the issue before this court.

The FTCA speaks in terms of accrual: Statutes of repose do not. Had Congress intended to occupy the fields of both statutes of limitation and of repose, it would have included language limiting the time for asserting a claim after both the date of accrual and the date when the act or omission occurred; the former defining the statute of limitations, and the latter defining the statute of repose. It did not. The FTCA includes no deadline for submitting a claim which uses, as a starting point, the date when the alleged negligence occurred. It therefore includes no statute of repose and it does not, as to that issue, occupy the field such that state statutes of repose are preempted.

In addition to field preemption, federal law can also preempt state law expressly, impliedly, or by conflict. Kinley Corp., 999 F.2d at 358 n.3. The FTCA does not expressly preempt state statutes of repose, nor does it impliedly preempt state substantive law; to the contrary, it expressly incorporates it. See 28 U.S.C. § 1346(b). "[T]he extent of the United States' liability under the FTCA is generally determined by reference to state law." Molzof v. United States, 502 U.S. 301, 305 (1992). A statue of repose creates substantive law governing a claim—it is not an affirmative defense, but rather defines when a claim no longer exists. See Peterson v. Fuller Co., 807 F.2d 151 at 152–52 (8th Cir. 1986); Nesladek, 46 F.3d at 736 n.2. And since there is no direct conflict between the application of Louisiana § 9:5628 and § 2401(b) of the FTCA,[6] the Louisiana statute provides state substantive law, incorporated by reference under 28 U.S.C. § 1346, defining whether Plaintiff can assert any FTCA claim against the United States.

In accordance with the FTCA, Bagley filed his lawsuit in federal court after the Department of the Air Force failed to respond to his administrative claim within six months. But the lawsuit was filed nearly 19 years after the alleged negligent act occurred. Louisiana substantive law states that "in all events such claims shall be filed at the latest within a period

---

[6] Several cases have held that state statutes of repose are preempted where there is a direct conflict in the application of the statute of repose and FTCA's time limitations. See Jones v. United States, 789 F. Supp. 2d 883 (M.D. Tenn. 2011); Zander v. United States, 786 F. Supp. 2d 880 (D. Md. 2011). No such conflict exists in this case.

of three years from the date of the alleged act, omission, or neglect." La.R.S. § 9:5628. And the statute's application is not tolled due to Plaintiff's age. La.R.S. § 9:5628(B). Because the FTCA waives its sovereign immunity only to the extent that a private person would be liable under the substantive law of the place where the act occurred, (28 U.S.C. § 1346(b)(1)), Plaintiff's claim must be dismissed.

Accordingly,

IT IS RECOMMENDED to the Honorable John M. Gerrard, United States District Judge, pursuant to 28 U.S.C. § 636(b), that Defendant's motion to dismiss, (filing no. 7), be granted and Plaintiff Taylor Bagley's complaint be dismissed with prejudice.

The parties are notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

Dated this 13th day of September, 2016

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.