## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

TAYLOR BAGLEY,

                       Plaintiff,

vs.

UNITED STATES OF AMERICA,

                       Defendant.

8:16-CV-30


MEMORANDUM AND ORDER

This matter is before the Court on the defendant's motion to dismiss (filing 7), the Magistrate Judge's Findings and Recommendation (filing 13) recommending that the motion be granted, and the plaintiff's objection (filing 14) to the findings and recommendation. Having conducted a *de novo* review of the record pursuant to 28 U.S.C. § 636(b)(1)(C), the Court will sustain the plaintiff's objection. Accordingly, the Court will deny the defendant's motion to dismiss.


## BACKGROUND

The plaintiff underwent surgery at Barksdale Air Force Base in Louisiana on March 5, 1997. Filing 1 at 2. Following the surgery, and over the next 15 years, the plaintiff experienced pain in or around his right groin. Filing 1 at 2. An x-ray of this region was performed sometime prior to June 17, 2013, which indicated the presence of a foreign object. Filing 1 at 2. The object was surgically removed, and later identified as "consistent with a metallic tool" used during the 1997 surgery. Filing 1 at 2. The object, the plaintiff contends, was the source of pain he had been experiencing from 1997 until the removal in 2013. Filing 1 at 2.

After exhausting his administrative remedies, the plaintiff filed this suit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 *et seq*., alleging that the agents and employees of the United States who performed the 1997 operation were negligent in various respects. The defendant moved to dismiss the complaint, arguing that the plaintiff's claim is time-barred under Louisiana tort law. Filing 7. After thoroughly reviewing the plaintiff's complaint, and the defendant's motion to dismiss, the Magistrate Judge recommended that this Court dismiss the plaintiff's complaint for lack of subject matter jurisdiction. Filing 13 at 10. The plaintiff filed a timely

objection to the Magistrate Judge's Findings and Recommendation, arguing that the claim falls within the FTCA's 2-year limitation period. Filing 14.

STANDARD OF REVIEW

The Court reviews the Magistrate Judge's Findings and Recommendation de novo. 28 U.S.C. § 636(b)(1)(C).

A motion pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges whether the court has subject matter jurisdiction. The party asserting subject matter jurisdiction bears the burden of proof. *Great Rivers Habitat Alliance v. FEMA*, 615 F.3d 985, 988 (8th Cir. 2010). Rule 12(b)(1) motions can be decided in three ways: at the pleading stage, like a Rule 12(b)(6) motion; on undisputed facts, like a summary judgment motion; and on disputed facts. *Jessie v. Potter*, 516 F.3d 709, 712 (8th Cir. 2008).

A Rule 12(b)(1) motion can be presented as either a "facial" or "factual" challenge. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). When reviewing a facial challenge, the court restricts itself to the face of the pleadings, and the nonmovant receives the same protections as it would facing a Rule 12(b)(6) motion. *Id.* By contrast, when reviewing a factual challenge, the court considers matters outside the pleadings, and the nonmovant does not receive the benefit of Rule 12(b)(6) safeguards. *Id.* This case presents a facial challenge.

ANALYSIS

The FTCA waives the United States' sovereign immunity for certain torts committed by federal employees while acting within the scope of their employment. 28 U.S.C. § 1346(b)(1). The Act specifies "[t]he United States shall be liable . . . to tort claims, in the same manner and to the same extent as a private individual under like circumstances[.]" 28 U.S.C. § 2674. Thus, liability under the FTCA attaches only where state law would impose liability on a private individual in similar circumstances. *First Nat. Bank v. United States*, 829 F.2d 697, 700 (8th Cir. 1987). To this end, the law of the state in which the negligence arises—here, Louisiana—"provides the source of substantive liability under the FTCA." *Sorace v. United States*, 788 F.3d 758, 763 (8th Cir. 2015); *see* § 1346(b)(1).

Although state substantive law establishes and defines a claim under the FTCA, federal law defines the limitations period and determines when the claim accrues. *See Reilly v. United States*, 513 F.2d 147 (8th Cir. 1975); *see also Miller v. United States*, 932 F.2d 301, 303 (4th Cir. 1991) (citing *Washington v. United States*, 769 F.2d 1436, 1437-38 (9th Cir. 1985)). The FTCA has a 2-year limitations period, which, in medical malpractice actions, accrues when "the claimant discovers, or in the exercise of reasonable

diligence should have discovered, the acts constituting the alleged malpractice upon which the cause of action is based." *Reilly*, 513 F.2d at 148.

The defendant does not contend that the underlying claim was filed outside of the 2-year limitation period under the FTCA. Rather, the defendant argues that because the alleged medical negligence arose in Louisiana, the Court must apply Louisiana's substantive law to determine the United States' liability, if any, under the FTCA. Filing 8 at 5. And, in applying Louisiana law, the Court must look to La. Stat. Ann. § 9:5628—a provision that, the defendant contends, sets an outer limitation or fixed time period of 3 years for all medical malpractice claims, beyond which the action is barred, irrespective of when the alleged negligence is discovered. Filing 8 at 14. Section 9:5628 provides in part,

> No action for damages for injury or death against any physician . . . [or] hospital . . . as defined in [La. Stat. Ann. §] 40:1231.1(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, *in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.*

§ 9:5628(A) (emphasis supplied). Because the present claim arises from a medical procedure conducted nearly 17 years prior to the commencement of this suit, the defendant argues that the plaintiff's medical malpractice action cannot, under Louisiana substantive law, proceed under the FTCA.

The parties' wrangling centers on whether § 9:5628 is a statute of limitation, as the plaintiff argues, or a statute of repose, as the defendant contends. This dispute touches on a fundamental difference between statutes of limitation and statutes of repose—whereas statutes of limitation are a *procedural* defense to a legal claim, a statute of repose creates a *substantive* right to be free from liability. *See, Adam Bain, Determining the Preemptive Effect of Federal Law on State Statutes of Repose, 43 U. Balt. L. Rev. 119, 125 (Spring 2014); Nesladek v. Ford Motor Co., 46 F.3d 734, 737 (8th Cir. 1995); see also Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 501 U.S. 350, 355 (1991)* (courts apply the state's statute of limitations only when "Congress has failed to provide a statute of limitations for [the] federal cause of action."). And, because the FTCA incorporates only state *substantive* law,

- 3 -

leaving in place its own 2-year *procedural* time limitation, the proper characterization of the Louisiana statute is dispositive of the plaintiff's claim.

The issue, then, is as follows: if § 9:5628 is a procedural statute of limitations, then it is preempted by the FTCA's 2-year statute of limitations, which incorporates the discovery rule. *See Anderson v. United States*, 669 F.3d 161, 165 (4th Cir. 2011). If, on the other hand, it is one of repose, then the claim "may be barred, because allowing it to proceed would potentially impose liability on the government in a different manner and to a greater extent than on a private individual under like circumstances." *Id*. Although the Eighth Circuit has not yet addressed this issue, several circuits, in applying this framework, have held that state statutes of repose govern the timeliness of an FTCA claim, thereby displacing the FTCA's 2-year limitation period. *See, Augustis v. United States*, 732 F.3d 749, 754 (7th Cir. 2013); *Anderson v. United States*, 474 F. App'x 891 (4th Cir. 2011); *Smith v. United States*, 430 F. App'x 246, 246-47 (5th Cir. 2011); *cf. Huddleston v. United States*, 485 F. App'x 744, 745-46 (6th Cir. 2012) (dismissing FTCA suit where plaintiff did not file his administrative claim until after the state statute of repose).

As a preliminary matter, it is worth noting that Louisiana courts use the terms "prescription" and "peremption" to refer to the state's statutory time limitations. These terms are used instead of "statute of limitation" and "statute of repose," but carry the same meaning. To this end, "prescription" is the civil law equivalent of a statute of limitations, and "peremption" is the equivalent of a statute of repose.

The 3-year provision of § 9:5628 provides that "in all events [medical malpractice] claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect." The Louisiana Supreme Court, in interpreting this language, has described it as extinguishing medical malpractice claims, regardless of when the claim is discovered, after 3 years of the negligent act. To this end, the statute operates as "a hybrid statute," containing both a "one-year prescriptive period," and a "three-year repose period." *In re Medical Review Panel for Claim of Moses*, 788 So. 2d 1173, 1179 (La. 2001). Thus, the 3-year repose period "means that plaintiff gets the benefit of the discovery rule, but only during the first three years following the alleged act of malpractice." *Id*.

It is against this backdrop that the Magistrate Judge concluded that § 9:5628 contains a 3-year statute of repose, and is therefore governing substantive law for purposes of the FTCA. As such, the Magistrate recommends that the plaintiff's claim—which derives from alleged malpractice dating back to 1997—should be dismissed as time-barred. *See* filing 13 at 10.

The Court agrees with the Magistrate Judge's analysis with respect to the general effect of the 3-year limitation period—that is, that the discovery rule is generally made inapplicable under § 9:5628 after 3 years from the alleged injury causing act, omission, or neglect. *See Moses*, 788 So. 2d at 1179. The Court further acknowledges that, as Louisiana's Court of Appeals recently remarked, there are no reported medical malpractice cases where a Louisiana court has allowed a suit to be maintained when it was filed 3 years after the date of the alleged malpractice. *Shaw v. Murtagh*, No. 2009 CA 2239, 2011 WL 199118 (La. Ct. App. Jan. 13, 2011). However, the cases offered by the defendant, and cited in the findings and recommendation, were not brought under the FTCA, which contains a 2-year limitation provision that accrues when the claimant discovers, or should have discovered, the acts constituting the alleged malpractice. *Reilly*, 513 F.2d at 148. And while this 2-year limitation provision does not preempt state *substantive* law governing the timeliness of a claim, the Louisiana Supreme Court has expressly held that § 9:5628 is prescriptive (a statute of limitations), and not peremptive (a statute of repose). *Borel v. Young*, 989 So. 2d 42 (La. 2008). Accordingly, the Court interprets § 9:5628 as *procedural*—not *substantive*—in nature, and therefore preempted by the FTCA.

The defendant acknowledges the Louisiana Supreme Court's holding that both the 1-year and 3-year periods set forth in 9:5628 are prescriptive in nature. *See* filing 8 at 8. However, the defendant argues that despite the Louisiana Supreme Court's terminology, "the applicable statute is actually one of repose." Filing 8 at 14. To support this argument, the defendant cites cases in which Louisiana courts have refused to carve out exceptions to, or otherwise extend the 3-year limitation of, § 9:5628. *See, Nichols v. Patwardhan*, 120 So. 3d 322 (La. Ct. App. Jun. 26, 2013); *Shaw*, 2011 WL 199118. Thus, while Louisiana courts describe § 9:5628 as prescriptive, the defendant argues that, for all practical purposes, the 3-year provision "actually operates as a peremptive period," sharing "many hallmarks of a statute of repose[.]" Filing 12 at 1.

There is some force to the defendant's argument. Indeed, the state's highest court has held that § 9:5628 is prescriptive only to the extent that the 3-year limitation period be read consistently with provisions of the Louisiana Medical Malpractice Act, La. Stat. Ann. § 40:1299.41, *et seq*. Under the Medical Malpractice Act, a claimant must present his or her claim to a medical review panel before filing suit. And, because the time in which suit must be filed is suspended during the pendency of the review process, it follows that § 9:5628 is prescriptive in nature. Suspension, after all, "applies only to prescription; a peremptive period, by definition, is not subject to interruption, suspension or renunciation." *Borel*, 989 So. 2d at 61-62.

But the Court cannot accept the defendant's proposition that § 9:5628 is one of substantive repose, thereby embraced by the FTCA, particularly in light of established state supreme court precedent to the contrary. This precedent, which dates back to 1986, and was reaffirmed in 2008, clearly holds that "both the one-year and three-year periods in [§] 9:5628 are prescriptive." *See, Herbert v. Doctors Memorial Hosp., 486 So. 2d 717, 725 (La. 1986); Borel, 989 So. 2d at 64.* Because the statute is prescriptive—or the civil law equivalent to a statute of limitations—the Court interprets it as procedural, and therefore preempted by the FTCA's 2-year limitation period.

The Fourth Circuit addressed a similar issue in a line of cases concerning the interplay between the FTCA's timing provisions and state law statutes of limitations and repose. In *Anderson*, the plaintiff asserted a medical malpractice claim against the Veterans Administration for negligently failing to detect an epidural spinal tumor. *669 F.3d 161.* On December 17, 2003, approximately 1 year after discovering the tumor, the plaintiff filed an administrative complaint. That complaint idled for nearly 4 years, until the Veterans Administration ultimately denied the claim in 2007. The plaintiff filed suit under the FTCA in January 2008.

The government moved to dismiss, arguing that state substantive law barred the plaintiff's suit. Specifically, the government cited *Md. Code Ann. Cts. & Jud. Proc. § 5-109*, which it characterized as Maryland's statute of repose for health care malpractice claims. *Anderson, 669 F.3d at 163.* That provision provides, "[a]n action for damages for an injury arising out of the rendering of or failure to render professional services by a health care provider . . . shall be filed within the earlier of: (1) Five years of the time the injury was committed; or (2) Three years of the date the injury was discovered." In granting the defendant's motion, the district court concluded that, pursuant to state supreme court precedent, § 5-109(a)(1) was a statute of repose. *Anderson, 669 F.3d at 164.*

The "key inquiry" on appeal was whether § 5-109(a)(1) is a substantive statute of repose or a procedural statute of limitations. "If the former, then Anderson's claim may be barred . . . . If the latter, however, the FTCA's two-year statute of limitations preempts the state statute and Anderson's claim survives[.]" *Anderson, 669 F.3d at 165.* The Fourth Circuit ultimately certified this question to the Court of Appeals of Maryland, which concluded that the provision was a statute of limitation, and thus procedural in nature. *Anderson v. United States, 46 A.3d 426 (Md. 2012).* Based on this answer, the Fourth Circuit held that § 5-109(a)(1) was "inapplicable" to the plaintiff's claim, which was instead governed by the FTCA's procedural limitation provision. *Anderson, 474 F. App'x at 892.*

The same principles apply here, and, accordingly, the Court will deny the defendant's motion to dismiss. This case is a close call—particularly in light of the Magistrate Judge's well-reasoned findings. The Court, admittedly, finds pause in the apparent tension that this case may present between applying the FTCA's procedural time limitation, and adhering to its requirement that the government be held liable "in the same manner and to the same extent as private individual under like circumstances." § 2674. But this apparent tension, if at all, works both ways—indeed, several circuits have recognized that a tort claim may fall within a state tolling provision, and thus be timely, if asserted against a private individual, yet time-barred if asserted against the government under the FTCA. *See*, *Santos v. United States*, 559 F.3d 189, 193 (3d Cir. 2009); *Thomas v. United States Parole Commission*, No. 03-5289, 2004 WL 758966 (D.C. Cir. 2004); *Phillips v. United States*, 260 F.3d 1316 (11th Cir. 2001); *Pipkin v. United States Postal Service*, 951 F.2d 272 (10th Cir. 1991). These results are premised on the straightforward notion that federal law, and not state law, determines the time limitations governing a claim under the FTCA. *See Slaaten v. United States*, 990 F.2d 1038, 1041 (8th Cir. 1993). And while this limitation period, which is a condition of Congress' limited waiver of immunity, may not be extended, courts may also not "assume the authority to narrow the waiver." *Wollman v. Gross*, 637 F.2d 544, 547 (8th Cir. 1980).

In summary, the present dispute is governed by the 2-year limitation provision of the FTCA, which preempts the prescriptive periods contained in § 9:5628. Accordingly, the Court will sustain the plaintiff's objection (filing 14), decline to adopt the Magistrate Judge's Findings and Recommendation (filing 13), and deny the defendant's motion to dismiss (filing 7). The Court need not reach the plaintiff's additional argument.

IT IS ORDERED:

1.   The plaintiff's objection (filing 14) to the Magistrate Judge's Findings and Recommendation is sustained.

2.   The Court declines to adopt the Magistrate Judge's Findings and Recommendation (filing 13).

3.   The defendant's motion to dismiss (filing 7) is denied.

4.   This matter is referred to the Magistrate Judge for case progression.

Dated this 18th day of October, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge