IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TAYLOR BAGLEY,<br><br>        Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | 8:16CV30<br><br>ANSWER |

Defendant, United States of America, by its undersigned attorneys, hereby answers or otherwise responds to Plaintiff's Complaint as follows:

### FIRST DEFENSE

The Court lacks subject matter jurisdiction over the subject matter of this action.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiff's alleged damages, if any, are limited to the liability cap provided by the provisions of the Louisiana Medical Malpractice Act, La. Rev. Stat. 40:1299.41, *et seq*.

### FOURTH DEFENSE

Plaintiff's Complaint is barred by statute of repose.

### FIFTH DEFENSE

Plaintiff's Complaint is barred by statute of limitations.

### SIXTH DEFENSE

The injuries and/or damages alleged in Plaintiffs' Complaint were not proximately caused by negligence or wrongful acts or omissions of an employee of the United States.

## SEVENTH DEFENSE

Plaintiff has failed to mitigate his damages, if any.

## EIGHTH DEFENSE

Defendant is entitled to a credit and offset for any medical expenses or benefits paid in whole, or in part, from federal resources or any other non-collateral source.

## NINTH DEFENSE

To the extent that Plaintiff may be found to have sustained any injuries or damages, those alleged injuries or damages were proximately caused by the intervening, joint, and/or superseding acts and/or omissions of persons or entities other than an employee or agency of the United States and were not caused by any acts and/or omission of any employee or entity of the United States.

## TENTH DEFENSE

Pursuant to 28 U.S.C. § 2675(b), Plaintiff's recovery, if any, is limited to the amount sought by him/her administratively.

## ELEVENTH DEFENSE

In the event that an employee of the United States is determined to have engaged in a negligent act and/or omission, which is expressly denied, Plaintiff's conduct contributed to the alleged damages, thereby mandating that any recovery be proportionately reduced and/or barred.

## TWELFTH DEFENSE

Without waiving any other defenses set forth above, or any other defenses which may be available, Defendant, United States of America, answers specifically the numbered paragraphs of Plaintiff's Complaint by using the same paragraph numbering, as follows:

1.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 1, and therefore, they are denied.

2.      The allegations of paragraph 2 are jurisdictional allegations to which no answer is required.  To the extent an answer is required, the allegations are denied.

3.      The allegations of paragraph 3 are admitted.

4.      The allegations of paragraph 4 are admitted.

5.      In regards to the allegations of paragraph 5, Defendant admits that Ronda Bagley is not a member of the armed forces of the United States of America.  Defendant denies that Ryan Bagley is currently a member of the Armed Forces of the United States of America.

6.      The allegations of paragraph 6 are admitted.

7.      In regards to the allegations of paragraph 7, Defendant admits that the operation was performed by Dr. Thomas C. McFadden, Jr, who was an agent and employee of the United States of America acting within the scope and course of his employment with the United States of America.  Defendant is without sufficient knowledge or information at this time to form a belief as to the truth and accuracy of the employment status of every individual in the operating room during the operation and, therefore, denies the reminder of this allegation.

8.      Defendant admits that, prior to 17 June 2013, an abdominal x-ray was performed on Plaintiff and the x-ray indicated the presence of a foreign object located over the right pubic area of Plaintiff.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph 8, and therefore, they are denied.

9.      Defendant admits that, on 17 June 2013, Plaintiff was admitted to Bellevue Medical Center in Bellevue, Sarpy County, Nebraska and that Dr. Chen surgically removed a foreign object.  To the extent a "successful" operation implies that the foreign body was removed without complication, the Defendant admits such allegation.  Defendant denies the remainder of the allegations in paragraph 9.

10. Defendant denies the allegations contained in paragraph 10 and its subparts (a) through (c) of the Complaint.

11. Paragraph 11 is omitted from Plaintiff's Complaint.

12. Defendant denies the allegations contained in paragraph 12 and its subparts (a) through (e) of the Complaint.

The next paragraph, and its subparts, contains Plaintiff's prayer for relief and requires no response, but insofar as a response is required, Defendant denies the allegations contained therein. Defendant denies that Plaintiff is entitled to the relief sought in the Complaint, or to any relief whatsoever.

WHEREFORE, having fully answered, Defendant, United States of America, respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice.

        THE UNITED STATES OF AMERICA,
        Defendant

        DEBORAH R. GILG
        United States Attorney
        District of Nebraska

By:   s/ Timothy R. Hook
      TIMOTHY R. HOOK, #24529
      Assistant U.S. Attorney
      1620 Dodge Street, Suite 1400
      Omaha, NE  68102-1506
      Tel:  (402) 661-3700
      Fax:  (402) 661-3081
      Email:  tim.hook@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on December 22, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: E. Terry Sibbernsen, and also hereby certify that a copy of the same has been served by regular mail, postage prepaid, to the following non-CM/ECF participants: None.

      s/ Timothy R. Hook
      Assistant U.S. Attorney